SEXTON, Judge.
The defendant was charged by bill of information with aggravated crime against nature in violation of LSA-R.S. 14:89.1. He was found guilty as charged by a jury and was subsequently sentenced to five years imprisonment at hard labor. In this appeal, he contends that the trial court erred in failing to grant a mistrial as a result of certain statements made by the prosecution in closing argument and that his sentence is unconstitutionally excessive. We affirm.
A brief recitation of pertinent facts is necessary to evaluate the defendant’s contentions. The record reveals that on the night of August 24,1984, the eight year old victim was spending the night at her grandmother’s home. Her grandmother lives with the defendant’s father. The victim testified that defendant’s father, her grandmother, the defendant and herself were at *614 the house that evening. The victim stated that she slept on the couch that night, dressed in a T-shirt and her panties. The victim further stated that while asleep, she was awakened by the defendant. When she awoke, her panties were down to her knees and defendant was performing oral sex upon her. The child immediately pushed the defendant away and ran to her grandmother’s room. The victim testified that she did not tell her grandmother or her mother about this incident until the next night.
On September 4, 1984, the defendant gave an oral statement to officers Jay Via and Royce Tony of the Ouachita Parish Sheriffs Office at the Ouachita Parish Courthouse Annex.[1] The defendant stated that he was at his father’s residence on August 24, 1984, on two occasions. He stated that the second time that he was there he stumbled and fell against the couch as he was preparing to leave, but he also stated that he never touched the victim or had anything to do with her. He stated that as he walked to the door, the victim jumped from the couch and ran crying and screaming to the bedroom telling her grandmother that a man was in the house.
At trial, defendant testified that he was never at his father’s residence in the latter part of August by himself and that the only time he was at his father’s house was on August 10, 1984. He testified that on that evening, the victim told her grandmother that there was a man in the house. He stated that this event was the most unusual thing that happened that night.
Sandra Sanchez, the defendant’s fiancee with whom he lived, testified that she was with the defendant on the night of August 24, 1984, and that defendant was not at his father’s home on that date. Ms. Sanchez stated that she and the defendant and defendant’s two sons went out for dinner that evening and then went to their home so the defendant could spend time with his two sons. It appears that this alibi first came to light during the testimony of Sandra Sanchez at the trial.[2]
During closing argument, the prosecutor made the following remarks:
.Why single out this man? And if the Police are to lie, why not really lie? Why not lay it on him? If they really just think he is a bad man and he didn’t do this, why just lie about the 24th and keep everything else straight? Why not say he told us that he did it? I’ll tell you why. Because, he didn’t tell the Police that and the Police told the truth in court.
At this point, defense counsel objected and moved for a mistrial on the basis that the prosecutor’s comment was a violation of Doyle v. Ohio, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976). Doyle prohibits a prosecution reference to a defendant’s failure to respond to a post-arrest police inquiry. The trial court overruled this motion.
The defendant similarly contends to us that the prosecution was attempting to cast doubt on the plausibility of the alibi offered by Ms. Sanchez by commenting on the defendant’s post arrest silence, in violation of Doyle v. Ohio, supra.
*615 In Doyle, the prosecution sought to impeach the defendant’s exculpatory trial testimony by cross-examining him as to why he remained silent after being given Miranda warnings rather than telling the police of his exculpatory story. The court held that the prosecution’s impeachment of defendant’s exculpatory testimony by using the defendant’s post-arrest silence after receiving Miranda warnings violated the due process clause.
In the recent case of Wainwright v. Greenfield, — U.S.-, 106 S.Ct. 634, 88 L.Ed.2d 623 (1986), the United States Supreme Court reiterated the Doyle holding and the rationale thereof. The court, in its explanation of Doyle, pointed out that the significance of Doyle is that it is fundamentally unfair to promise an arrested person that his silence will not be used against him and thereby induce his silence, and after-wards breach that promise by later using the silence to impeach his trial testimony.
However, we conclude that the trial court was correct in denying defendant’s motion for a mistrial. Although the record in this case only contains the portion of the closing argument quoted earlier herein, from our examination, we do not find that the prosecutor’s comments constitute an impermissable reference to defendant’s post-arrest silence.
As the trial judge noted in his Per Cu-riam, the remarks of the prosecutor appear to have been made with regard to the issue of when this offense occurred. At trial, there was some confusion as to the date of this offense. During the opening stage of the trial, the prosecution orally amended the bill of information to change the date of the offense to August 24, 1984. The issue of the date of the offense was important because defendant’s alibi witness stated that defendant was with her on that date, whereas in the statement he gave to the police, defendant stated that he was at his father’s residence on that date. The prosecutor’s statement was directed at the credibility of the police officers’ testimony regarding the date given by defendant as to when he was at his father’s residence. It seems clear that the prosecutor was arguing that if the police intended to lie, that it made no sense for them to lie only about the date of the offense. In other words, the prosecutor was arguing that if the police intended to lie to prejudice the defendant, they could have done a better job by lying to the effect that the defendant had admitted the offense to them. Thus defendant’s argument lacks merit.
Moreover, even assuming that the prosecution comment at issue referred to the failure of the defendant to inform the police of a possible alibi witness, defendant’s argument is likewise without merit. We reach such a conclusion because the defendant did not invoke his right to remain silent. The defendant’s Miranda warning never induced his silence. He gave two statements to police officers shortly after arrest. These statements were substantially different from the version he rendered at trial. Thus, the prosecutor’s comments in closing argument cannot be construed as a reference to the defendant’s post-arrest silence. Rather, the comments at issue, if Doyle related at all, refer to inconsistent statements made by the defendant to police officers. The United States Supreme Court has made it clear that Doyle does not apply to inquiry about prior inconsistent statements. Anderson v. Charles, 447 U.S. 404, 100 S.Ct. 2180, 65 L.Ed.2d 222 (1980).[3]
Therefore, even if the comments complained of were indeed relative to the alibi issue as asserted by the defense, the assignment is without merit because the defendant did not invoke his right to silence. In this regard, we note that the Louisiana jurisprudence cited by the defendant, State v. Sam, 412 So.2d 1082 (La.1982), and State v. Domingue, 470 So.2d 1013 (La.App. 1st Cir.1985), is likewise of no benefit to him. In both cases the defendant invoked his right to post arrest silence and thus the court in each case simply followed Doyle.
*616 By supplemental brief the defendant also complains that the sentence imposed is constitutionally excessive. Counsel asserts that the isolated nature of the offense, the involvement of alcohol and the lack of a significant criminal record cause the sentence to be constitutionally excessive.
We note that the trial judge took into consideration that the defendant had several successful businesses, worked extremely hard and had a number of -recommendations from friends and business associates. The trial court obviously balanced the factors asserted by defense counsel, along with the other mitigating factors made note of at the sentencing hearing against the seriousness of the offense itself. That consideration is obvious in that the defendant was sentenced to five years at hard labor. The statute calls for a minimum sentence of three years and establishes a maximum sentence of fifteen years at hard labor. It also requires that any sentence imposed be without benefit of suspension of sentence, probation or parole. Since the sentence was not imposed “without benefit” and since the defendant is parole eligible after one year and eight months, LSA-R.S. 15:574.4 A, the sentence actually imposed is arguably more lenient that the statutory minimum. Thus the sentence imposed is clearly not unconstitutionally excessive.
The defendant’s sentence and conviction are affirmed.
AFFIRMED.

. It should be noted that defense counsel stipulated that this statement was freely and voluntarily given. While the record is not precise on this point, we assume the defendant was under arrest since he had been contacted originally on this date at his residence. He also had been given Miranda warnings.
A second recorded statement was taken from the defendant on September 5, 1984. However, this statement could not be located and the defense objection to its admissibility was sustained by the trial court. A narrative of the statement contained in a response to a pretrial discovery motion filed by the defendant reveals that this statement is substantially the same as the oral statement given by defendant on September 4, 1984.

. The testimony of Officer Via, which was the vehicle the state used to introduce the statement of September 4, 1984, contains no reference to this alibi. The defendant, who testified subsequently to Ms. Sanchez, never mentioned this alibi on direct. However, on cross-examination by the state he contended that he had advised the officers of this alibi in his original statement of September 4, 1984.

. In the instant case the defense did not object to the prosecution inquiry of the defendant concerning his failure to tell police of his alibi during his post-arrest statements.